UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

BRANDON MCFADDEN,

                              Plaintiff,

        -v.-                                        9:09-CV-1415
                                                    (TJM)(ATB)
SCOTT HERMAN, *et al.,*

                              Defendants.

APPEARANCES:                          OF COUNSEL:

BRANDON MCFADDEN, 09-R-3793
Plaintiff, *pro se*

CATHY Y. SHEEHAN, Esq.
Assistant Attorney General

ANDREW T. BAXTER, United States Magistrate Judge

## REPORT AND RECOMMENDATION

### I.    Introduction

Currently before the court is defendants' motion pursuant to 28 U.S.C. §

1915(g), seeking to revoke plaintiff's *in forma pauperis* status and conditionally

dismiss the case.  Plaintiff filed this civil rights action based on alleged violations of

the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments when he was

allegedly abused mentally, verbally, and physically in the Special Housing Unit

(SHU) of Ulster Correctional Facility.  (Compl. ¶¶ 6–7)  Defendants argue that

plaintiff has previously filed three actions that were dismissed as frivolous or for

failure to state a claim, justifying dismissal pursuant to § 1915(g).  (Defs.' Mot. to

Dismiss at 2).  For the reasons discussed below, this court recommends that defendants' motion be denied.

## III.   Three Strikes Rule

Defendants argue that these three dismissals qualify as three "strikes" under § 1915(g), which states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff commenced an action in the Southern District of New York (Case No. 91 Civ. 8175) on December 5, 1991, and the court entered an Order to Show Cause as to why the action should not be dismissed for failure to prosecute on May 9, 1994. (Defs.' Ex. A).  On July 20, 1994, the court dismissed the action without prejudice for failure to comply with Federal Rule of Civil Procedure 4(m).

Plaintiff commenced another civil rights action in the Eastern District of New York (Case No. 07-CV-5326) on November 13, 2007, which was dismissed on March 28, 2008, for failure to state a claim pursuant to 28 U.S.C. §§ 1915(a), (e)(2)(B). (Defs.' Ex. B).

Plaintiff also commenced another civil rights action in the Southern District of New York (Case No. 07-cv-11570) on December 26, 2007, which was dismissed on

2

August 25, 2008, for failure to prosecute.  (Defs.' Ex. C).

It is clear that plaintiff's action in the Eastern District of New York was dismissed for failure to state a claim, and thus counts as one "strike."  However, it is not clear that plaintiff's other two actions qualify as  "strikes."  Defendants cite *Bermudez v. Rossi et al.*, No. 07-CV-367, 2008 WL 619170, at *3 (N.D.N.Y. March 3, 2008) for the proposition that dismissal for failure to prosecute may be treated as dismissal for filing a frivolous action.  Defendants interpret the decision incorrectly. The Report-Recommendation adopted by District Judge Kahn found that the complaint "lacked substantive sufficiency" and further explained that "'although . . . [Bermudez's] case [was dismissed] for failure to comply with [the 60-day] prior order, essentially the prior order found that the complaint failed to state a claim upon which relief could be granted."  (*Id.* at *3) (citing *Gamble v. Monette*, No. 06-CV-136, 2007 WL 2089697, at *4 (N.D.N.Y. July 20, 2007).  Neither of plaintiff's cases that were dismissed for failure to prosecute had a previous order finding that plaintiff had failed to state a claim.

One case (No. 91 Civ. 8175) was dismissed for failure to comply with Federal Rule of Civil Procedure 4(m), which directs that an action be dismissed without prejudice if a defendant is not served within 120 days.  The other case (Case No. 07-CV-11570) was dismissed for failure to prosecute because plaintiff failed to show up for a deposition or respond to discovery requests.  None of the orders provided by

defendants in these two cases indicate that plaintiff had failed to state a claim or that any claim was frivolous.[1]  This court agrees with Magistrate Judge Bloom in the Eastern District of New York, and "considers it unlikely that the dismissal for failure to prosecute would count as a strike."  *Harry v. Doe*, No. 09-CV-2342, 2009 U.S. Dist. LEXIS 61398, at *4, 2009 WL 2152531 (E.D.N.Y. July 17, 2009).  Defendants' motion should be denied.

**WHEREFORE**, it is hereby

**RECOMMENDED,** that defendants' motion (Dkt. No. 18) be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72.

Dated: October 4, 2010

Hon. Andrew T. Baxter
U.S. Magistrate Judge

---

[1] The court is not commenting on the relative merits of either action, only the reasons they were dismissed.

4