UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

BRANDON MCFADDEN,

                                      Plaintiff,

   vs.                                                9:09-CV-1415
                                                      (TJM/ATB)

SCOTT HERMAN, et al.,

                                      Defendants.

_____

BRANDON MCFADDEN, Plaintiff pro se
CATHY Y. SHEEHAN, Asst. Attorney General for Defendants

ANDREW T. BAXTER, United States Magistrate Judge

## REPORT-RECOMMENDATION

This matter has been referred to me for Report and Recommendation pursuant to 28 U.S.C. § 636(b) and LOCAL RULES N.D.N.Y. 72.3(c). Plaintiff filed this civil rights action based on alleged violations of the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments when he was allegedly abused mentally, verbally, and physically in the Special Housing Unit (SHU) of Ulster Correctional Facility. (Am. Compl. ¶ IV) (Dkt. No. 46). Presently before the court is defendants' motion to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 53). Plaintiff has not responded. For the following reasons, this court will recommend granting defendants' motion in part and denying defendants' motion in part.

## DISCUSSION

**I.**    <u>**Facts**</u>

In his amended complaint, plaintiff alleges that on November 9, 2009, he was

escorted to the Special Housing Unit ("SHU") by defendant Sergeant Herman and a female officer.[1]  (Am. Compl. ¶ IV).  Plaintiff claims that defendant Corrections Officer Finton assaulted plaintiff as he was being "processed" for admission to SHU. *Id.*  Plaintiff states that "I only refuse to take my coat off . . . ." *Id.*  Plaintiff claims that defendant Finton beat plaintiff until plaintiff told Finton that his attorney would be arriving shortly. *Id.*  Plaintiff claims that after the assault, defendant Sergeant Herman and the female officer "came into the search room," and that Sergeant Herman instructed the female officer to leave because plaintiff was undressing.  *Id.*  Plaintiff claims that his back was injured as a result of the assault.[2]

## II.    Motion to Dismiss

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not suffice.  *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555).  Plaintiff's factual allegations must also be sufficient to give the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp.*, 550 U.S. at 555 (citation omitted).

When ruling on a motion to dismiss, the court must accept as true all of the

---

[1] The female officer was not named as a defendant in this case.

[2] Plaintiff originally named a third defendant, Officer J. Ioconello, who was dismissed sua sponte from the action for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) (Dkt. No. 4).  Although the sua sponte dismissal was without prejudice, plaintiff has never amended the complaint state a claim against this individual.

factual allegations contained in the complaint and draw all reasonable inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.,* 62 F.3d 69, 71 (2d Cir. 1995). The court must heed its particular obligation to treat pro se pleadings with liberality. *Phillips v. Girdich*, 408 F.3d 124, 128 (2d Cir. 2005); *Tapia-Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir. 1999) (*per curiam*).

In deciding a motion to dismiss, the court may review documents integral to the complaint upon which the plaintiff relied in drafting his pleadings, as well as any documents attached to the complaint as exhibits and any statements or documents incorporated into the complaint by reference. *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.,* 62 F.3d at 72 (the court may take into consideration documents referenced in or attached to the complaint in deciding a motion to dismiss, without converting the proceeding to one for summary judgment).

### III. Excessive Force

#### A. Legal Standard

The Eighth Amendment prohibits the "'unnecessary and wanton infliction of pain.'" *Baker v. Willett*, 42 F. Supp. 2d 192, 196 (N.D.N.Y. 1999) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976); *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). When the use of excessive force is alleged, the court must determine whether the force "was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitely v. Albers*, 475 U.S. 312,

320–21 (1986) (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.), *cert. denied*, 414 U.S. 1033 (1973)). In order to meet the constitutional standard for excessive force, the defendants' conduct must be "'inconsistent with the contemporary standards of decency' and 'repugnant to the conscience of mankind.'" *Whitely*, 475 U.S. at 327.

Minor uses of physical force do not reach the constitutional level as long as the force used is not "repugnant to the conscience of mankind." *Hudson v. McMillian*, 503 U.S. 1, 9–10 (1992). However, the court must determine the need for the force, the relationship between the need and the amount of force used, the extent of the injury suffered, the extent of the threat to the safety of staff and inmates, and any efforts made to temper the severity of a forceful response. *Whitely*, 475 U.S. at 321. Not every push or shove, even if it seems unnecessary, amounts to a violation of the constitution. *Hudson*, 503 U.S. at 9–10 (*de minimis* force); *Johnson v. Glick*, 481 F.2d at 1033.

In this case, plaintiff alleges that on November 12, 2009, defendant Finton "physically assaulted" plaintiff, apparently striking plaintiff in his lower back, resulting in pain, for which plaintiff underwent x-rays. (Compl. ¶ IV). Because this is a motion to dismiss, the court must accept plaintiff's allegations as true. If defendant Finton unnecessarily struck plaintiff, plaintiff would have a plausible Eighth Amendment claim based on defendant Finton's use of excessive force. Therefore, the court will not recommend dismissal of plaintiff's excessive force claim as against defendant Finton.

## IV. Failure to Intervene

### A. Legal Standard

A correction officer who is present while an assault upon an inmate occurs may bear responsibility for any resulting constitutional deprivation, even if he did not directly participate. *See, e.g., Cicio v. Graham,* No. 9:08-CV-534 (NAM/DEP), 2010 WL 980272, at *13 (N.D.N.Y. March 15, 2010); *Tafari v. McCarthy*, No. 9:07-CV-654 (DNH/GHL), 2010 WL 2044705, at*8 (N.D.N.Y. May 24, 2010).[3] A law enforcement official has an affirmative duty to intervene on behalf of an individual whose constitutional rights are being violated by other officers in his or her presence. *Id*.[4] In order to establish liability under this theory, a plaintiff must prove that the defendant in question (1) possessed actual knowledge of the use by another correction officer of excessive force; (2) had a realistic opportunity to intervene and prevent the harm from occurring; and (3) nonetheless disregarded that risk by intentionally refusing or failing to take reasonable measures to end the use of excessive force. *Id.; Jean-Laurent v. Wilkinson*, 540 F. Supp. 2d 501, 512 (S.D.N.Y. 2008) (citation omitted).

### B. Application

In this case, plaintiff uses the term "failure to protect," but it is unclear against

---

[3] *See also Fischl v. Armitage,* 128 F.3d 50, 57 (2d Cir.1997) (reversing grant of summary judgment for defendant based on evidence that defendant was in the vicinity of an assault on plaintiff and failed to intervene)*; Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994).

[4] *See also Curley v. Village of Suffern*, 268 F.3d 65, 72 (2d Cir. 2001) ("Failure to intercede results in [section 1983] liability where an officer observes excessive force being used or has reason to know that it will be.") (citations omitted).

whom he is making this claim. A close reading of the amended complaint shows that in the first paragraph of his "Statement of Claim," plaintiff alleges that "C. [Finton] was extention [sic] of Sgt. S. Herman . . . ." (Am. Compl. ¶ IV). It is unclear whether plaintiff is alleging that defendant Herman was present during the alleged assault. However, in the second paragraph, plaintiff states that after defendant Finton stopped assaulting plaintiff, "at that point Sgt. S. Herman and a female Officer who escorted me to SHU along with Sgt. Herman came into the search room." *Id.* This statement appears to indicate that neither defendant Herman nor the unknown female officer were present at the time that plaintiff was allegedly being beaten.

If defendant Herman was not in the room when plaintiff was allegedly assaulted, plaintiff states no reason that defendant Herman would have known that the assault was going to occur and had no opportunity to stop the assault because, according to plaintiff, defendant Herman entered the room after the was already over. Thus, plaintiff does not state a claim for failure to intervene or for failure to protect against defendant Herman. By saying that defendant Finton was an "extension" of Sgt. Herman, it appears that plaintiff could be attempting to hold Sergeant Herman liable for the alleged assault because he is defendant Finton's supervisor. To the extent that plaintiff is attempting to hold defendant Herman liable for the alleged assault merely because he is a supervising officer, his claim must fail. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citation omitted) (holding that personal involvement is a prerequisite to the assessment of damages in a section 1983 case, and *respondeat superior* is an inappropriate theory of liability for any constitutional

claim); *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003).

If the supervisor was not physically involved in the incident, he may still be held liable if that official was personally involved in the infraction. *Williams v. Smith*, 781 F.2d 319, 323–24 (2d Cir. 1986). The defendant may have been personally involved if, after learning of a violation through a report or appeal, he or she failed to remedy the wrong. *Id.* Personal involvement may also exist if the official created a policy or custom under which unconstitutional practices occurred or allowed such a policy or custom to continue. *Id.* Finally, a supervisory official may be personally involved if he or she were grossly negligent in managing subordinates who caused the unlawful condition or event. *Id. See Iqbal v. Hasty*, 490 F.3d 143, 152–53 (2d Cir. 2007), *rev'd on other grounds sub nom. Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (stating that defendant could be liable under section 1983 if he failed to remedy constitutional violation after learning of it or was grossly negligent in managing subordinates who caused violation); *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995). Plaintiff has not alleged any facts supporting a plausible claim that defendant Herman had the requisite personal involvement in the alleged assault.

V.     **Eleventh Amendment**

The state itself cannot be sued under section 1983. *Komlosi v. New York State OMRDD*, 64 F.3d 810, 815 (2d Cir. 1995) (citing *Will v. Michigan Department of Police*, 491 U.S. 58, 71 (1989)). This is true whether the court is considering Eleventh Amendment immunity or a statutory interpretation of section 1983. *Id.* at 815 n.3. An action against state officers in their official capacities is tantamount to an action

against the state. *Yorktown Medical Laboratory, Inc. v. Perales*, 948 F.2d 84, 87 & n.1 (2d Cir. 1991) (citations omitted).

Defendants argue that plaintiff is suing both defendants in their official capacities. Plaintiff's complaint does *not* specify in which capacity he is suing the defendants. To the extent that plaintiff is attempting to sue defendants for damages in their official capacities or to the extent that his complaint can be interpreted as raising such official capacity claims, he is barred by the Eleventh Amendment from doing so. All such claims may be dismissed with prejudice.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that defendants' motion to dismiss (Dkt. No. 53) be **GRANTED**, and the complaint dismissed without prejudice as to defendant Herman, and it is further

**RECOMMENDED**, that defendants' motion to dismiss (Dkt. No. 53) be **DENIED** as to defendant Finton, in his personal capacity only.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: July 11, 2012

Hon. Andrew T. Baxter
U.S. Magistrate Judge