UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BRANDON MCFADDEN,

                        Plaintiff,

    vs.                                                   9:09-CV-1415
                                                               (TJM/ATB)
CHAD FINTON,

                        Defendant.
_____

BRANDON MCFADDEN
Plaintiff, pro se

CATHY Y. SHEEHAN, Asst. Attorney General
Attorney for Defendants

ANDREW T. BAXTER, United States Magistrate Judge

## REPORT-RECOMMENDATION

This matter has been referred for Report and Recommendation, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c), by the Honorable Thomas J. McAvoy, Senior United States District Judge. Presently before the court is the defendant's motion for summary judgment pursuant to Fed. R. Civ. P. 56. (Dkt. No. 62). For the following reasons, this court agrees with defendants that plaintiff has failed to exhaust his administrative remedies and will recommend dismissal of the complaint.

## DISCUSSION

**I.**    <u>**Background**</u>

In his civil rights complaint, filed on December 21, 2009, plaintiff alleges that he was abused mentally, verbally, and physically in the Special Housing Unit of Ulster

Correctional Facility. (Dkt. No. 1 ("Compl") at ¶¶ 6-7).[1] On March 23, 2010, defendants filed a motion pursuant to 28 U.S.C. § 1915(g), seeking to revoke plaintiff's in forma pauperis status and conditionally dismiss the case. (Dkt. No. 18). The court denied defendant's motion. (Dkt. No. 30). Following the denial of defendant's motion, plaintiff filed a motion to amend his complaint, which was granted on November 21, 2011. (Dkt. No. 44). The amended complaint named as defendants Chad Finton[2] and Scott Herman. (Dkt. No. 46 ("Am. Compl.") at 1-2).[3]

In his amended complaint, plaintiff alleges that on November 9, 2009, defendant Finton, a corrections officer, assaulted plaintiff as he was being "processed" for admission to SHU, and that Finton continued the assault until plaintiff told him that his attorney would be arriving shortly. (Am. Compl. at ¶ IV). Plaintiff further claims that Herman, a sergeant, escorted plaintiff to SHU and came into the "search room" following the assault. (Am. Compl. at ¶ IV). Defendants filed a motion to dismiss the amended complaint on April 12, 2012. (Dkt. No. 53). I recommended dismissal of plaintiff's claims against defendant Herman, but did not recommend dismissal of plaintiff's excessive force claim against defendant Finton in his personal

---

[1] The complaint named as defendants J. Ioconello, C. Fiaton, and S. Herman. J. Ioconello was dismissed from the action by Judge McAvoy's Decision and Order, which granted plaintiff leave to proceed in forma pauperis and ordered service on the two remaining defendants. (Dkt. No. 4).

[2] Plaintiff refers to Chad Finton as "C. Fiaton" in the Amended Complaint. However, the parties later clarified that this individual's proper name is Chad Finton. (*See* Dkt. Nos. 39, 41).

[3] The original amended complaint lacked plaintiff's signature. (Dkt. No. 38) Therefore, the court directed plaintiff to sign the proposed pleading and submit it to the court. (*See* Dkt. No. 44; Text Orders dated 12/29/11, 1/23/12). The signed document was filed on January 30, 2012. (Dkt. No. 46).

capacity. (Dkt. No. 54 at 8). Judge McAvoy adopted my report-recommendation. (Dkt. No. 55). Therefore, the only remaining claim is that defendant Finton used excessive force against plaintiff in violation of his rights under the Eighth Amendment. Defendant answered the amended complaint on February 26, 2013, and the case proceeded with discovery. (*See* Dkt. Nos. 57, 59).

On October 24, 2013, defendant filed a motion for summary judgment arguing that plaintiff failed to exhaust his administrative remedies. (Dkt. No. 62). Plaintiff has not responded to the motion.[4]

## II. Summary Judgment

Summary judgment is appropriate where there exists no genuine issue of material fact and, based on the undisputed facts, the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Salahuddin v. Goord*, 467 F.3d 263, 272–73 (2d Cir. 2006). "Only disputes over ["material"] facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). It must be apparent that no rational finder of fact could find in favor of the non-moving party for a court to grant a motion for summary judgment. *Gallo v. Prudential Residential Servs.*, 22 F.3d 1219, 1224 (2d Cir. 1994).

The moving party has the burden to show the absence of disputed material facts

---

[4] Because plaintiff has failed to respond, the court may deem plaintiff to have admitted the factual statements in defendants' Rule 7.1 Statement, may deem defendants' factual statements as true, and may deem that plaintiff has conceded the defendants' arguments. Plaintiff was warned of these consequences, both by defense counsel and by this court. (Dkt. No. 62 at 2; Dkt. No. 63 at 2).

by informing the court of portions of pleadings, depositions, and affidavits which support the motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies its burden, the nonmoving party must move forward with specific facts showing that there is a genuine issue for trial. *Salahuddin v. Goord*, 467 F.3d at 273. In that context, the nonmoving party must do more than "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). However, in determining whether there is a genuine issue of material fact, a court must resolve all ambiguities, and draw all inferences, against the movant. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Salahuddin v. Goord*, 467 F.3d at 272.

## III. <u>Exhaustion of Administrative Remedies</u>

### A. Legal Standards

The Prison Litigation Reform Act, (PLRA), 42 U.S.C. §1997e(a), requires an inmate to exhaust all available administrative remedies prior to bringing a federal action. This requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes and regardless of the subject matter of the claim. *See e.g. Giano v. Goord*, 380 F.3d 670, 675-76 (2d Cir. 2004). Inmates must exhaust their administrative remedies even if they are seeking only money damages that are not available in prison administrative proceedings. *Id.* at 675. The failure to exhaust is an affirmative defense that must be raised by the defendants. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Johnson v. Testman*, 380 F.3d 691, 695 (2d Cir. 2004). As an affirmative defense, it is the defendant's burden to establish that

4

plaintiff failed to meet the exhaustion requirements. *See, e.g, Key v. Toussaint*, 660 F. Supp. 2d 518, 523 (S.D.N.Y. 2009) (citations omitted).

In *Jones v. Bock*, the Supreme Court held that in order to properly exhaust an inmate's administrative remedies, he must complete the administrative review process in accordance with the applicable state rules. *Id.* at 218 (citing *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). In *Woodford*, the Court held that "proper" exhaustion means that the inmate must **complete** the administrative review process in accordance with the applicable procedural rules, including deadlines, as a prerequisite to bringing suit in federal court. *Id.* at 90-103.

Because there are still some limited exceptions to the exhaustion requirement, the Second Circuit developed a "three part inquiry" to determine whether an inmate has fulfilled the PLRA exhaustion requirement. *See Brownell v. Krom*, 446 F.3d 305, 311-12 (2d Cir. 2006) (citing *Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004)). The inquiry asks (1) whether the administrative remedies were available to the inmate; (2) whether defendants' own actions inhibiting exhaustion estops them from raising the defense; and (3) whether special circumstances justify the inmate's failure to comply with the exhaustion requirement. *Id.*

**B.     Application**

Plaintiff admits that there was a grievance program in place at Ulster Correctional Facility that he learned about during orientation. (Dkt. No. 62-2

("McFadden Dep.") at 77).[5] Plaintiff further agrees that the process involves three steps, and that the final step is an appeal to the Central Office Review Committee ("CORC"). (McFadden Dep. at 77). Plaintiff filed a grievance, dated November 14, 2009, regarding the alleged assault by defendant Finton. (McFadden Dep. Ex. D-H). The grievance was denied by the Superintendent on December 7, 2009. (McFadden Dep. at 73-75, Ex. D-G). Plaintiff concedes that he did not appeal the superintendent's decision denying his grievance. (McFadden Dep. at 75 ("No, I didn't appeal it.")).[6] Plaintiff's only explanation for his failure to file an appeal is that he does not believe the grievance system works. (*See* McFadden Dep. at 75-76, 78). Therefore, plaintiff appears to argue that he should be excused from the exhaustion requirement because he believed any such appeal would be ineffective.

Plaintiff is incorrect. In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court made it quite clear that the exhaustion requirement applies regardless of whether the plaintiff was alleging excessive force or some other wrong. *See Ruggiero v. County of Orange*, 467 F.3d 170, 173 (2d Cir. 2006) (noting that *Porter* overruled Second Circuit precedent which did not require exhaustion for specific acts

---

[5] The page references to plaintiff's deposition are to the deposition pages rather than the CM/ECF automatically generated page numbers.

[6] Later in his deposition, plaintiff stated that he "might have appealed it," but did not remember, and then claimed that he probably did. (McFadden Dep. at 78). However, plaintiff did not produce any such appeal, and failed to respond to defendants' motion. Additionally, the court notes that defendants have submitted an affidavit from Jeffrey Hale, Assistant Director of the Inmate Grievance Program, who asserts that he conducted a review of the CORC computer database and did not locate any appeals to CORC filed by plaintiff. (*See generally* Dkt. No. 62-1 ("Hale Affidavit")).

of mistreatment). A belief in the futility of exhaustion simply does not excuse failure to exhaust. *Shariff v. Coombe*, 655 F. Supp. 2d 274, 286 (S.D.N.Y. 2009).

Following the factors stated in *Brownell*, it is clear that a grievance procedure was available to the inmate. Second, there is no indication that defendant did anything to prevent plaintiff from using the procedure, therefore, he is not estopped from raising the defense. Finally, there are no special circumstances, excusing plaintiff from utilizing the procedure. His determination that the process "doesn't work" is not sufficient to excuse exhaustion. Accordingly, this court must recommend granting defendant's motion for summary judgment, dismissing this action for failure to exhaust administrative remedies.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that defendants' motion for summary judgment (Dkt. No. 62) be **GRANTED**, and the complaint be **DISMISSED IN ITS ENTIRETY**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72.

Dated: March 21, 2014

**Andrew T. Baxter**
**U.S. Magistrate Judge**